WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Applicant

E-filing

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH Co., A&F CALIFORNIA LLC dba ABERCROMBIE KIDS<br><br>Defendant. | Case No.: CV 10-3911 HRL<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Halla Banafa who was adversely affected by such practices. Ms. Banafa is Muslim. As alleged below, Abercrombie & Fitch Stores, Inc. unlawfully discriminated against Ms. Banafa by failing to accommodate her sincerely held religious belief and practice of wearing a hijab (head scarf) and by failing to hire her because of her religion, Muslim.

Complaint                                              - 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the County of Santa Clara in the State of California which is within the jurisdiction of the United States District Court for the Northern District of California. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose Division of this Court as the alleged unlawful practices were and are now being committed in Santa Clara County, which is within the jurisdiction of the San Jose Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. At all relevant times, Defendant has continuously been and is now a Delaware Corporation doing business in the State of California and the City of Milpitas and has continuously had at least fifteen employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Halla Banafa filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. The Commission has issued a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Halla Banafa because her religion and therefore violated Title VII. Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least March, 2008 Defendant has engaged in unlawful employment practices at its Milpitas California locations in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§2000e-2(a)(1). Ms. Banafa is Muslim. She applied for employment with Defendant at its Milpitas, California locations in March 2008. When she was interviewed in March 2008, she was wearing a head scarf, or hijab, in accordance with her religious beliefs. Defendant's manager questioned Ms. Banafa about her religion, asked whether she was required to wear the head scarf and explained that wearing headgear was prohibited by Defendant's "Look Policy". Defendant refused to hire Ms. Banafa because she wears a hijab and refused to accommodate her religious beliefs by making an exception to its "Look Policy." These actions constitute discrimination against Ms. Banafa on the basis of religion.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Banafa of equal employment opportunities and otherwise to adversely affect her status as an employee because of her religion, Muslim.

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were and are committed with malice and/or reckless disregard for the federally protected rights of Ms. Banafa.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, Abercrombie & Fitch its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees of all religions and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Banafa by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

D. Order Defendant to make whole Ms. Banafa by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Ms. Banafa punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                      P. DAVID LOPEZ
                                      GENERAL COUNSEL

                                      JAMES L. LEE
                                      DEPUTY GENERAL COUNSEL

                                      GWENDOLYN YOUNG REAMS
                                      ASSOCIATE GENERAL COUNSEL

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISSION
                                      1801 L Street, N.W.
                                      Washington, DC  20507

Dated: __September 1, 2010__            __/S/ William R. Tamayo__
                                        WILLIAM R. TAMAYO
                                        Regional Attorney

Dated: __September 1, 2010__            __/S/ Jonathan T. Peck__
                                        JONATHAN T. PECK
                                        Supervisory Trial Attorney

Dated: __September 1, 2010__            __/S/ Marcia L. Mitchell__
                                        MARCIA L. MITCHELL
                                        Senior Trial Attorney

                                      EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION
                                      San Francisco District Office