WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ABERCROMBIE & FITCH STORES, INC. dba ABERCROMBIE KIDS<br><br>　　　　Defendant. | Case No.:  5:10-cv-03911- EJD<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**Complaint Filed:  September 1, 2010**<br><br>**First Amended**<br>**Complaint Filed: October 7, 2010** |

　　　　Pursuant to Local Rules 3-12 and 7-11, Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this motion for administrative relief and requests that this Court issue an order relating *U.S. Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc. dba Hollister et al*, Case No. 4:11-cv-03162-PJH, a lawsuit filed in the United States District Court for Northern District of California on June 27, 2011 *("Hollister"* action*)* to the instant action by reassigning it to this Court.

Local Rule 3-12(a) provides that cases are related if:

(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted by different Judges.

**Related Case Background**

The EEOC filed this action on behalf of Halla A. Banafa, who applied to work for Defendant Abercrombie & Fitch Stores, Inc. dba abercrombie kids ("abercrombie kids") in Milpitas, CA as a part-time Impact Associate (stockroom position).  Ms. Banafa is Muslim and wore a hijab (Islamic head scarf) to the interview.  The EEOC alleges that the manager who interviewed Ms. Banafa informed her that wearing a hijab was prohibited by Defendant's grooming policy known as the "Look Policy."  Ms. Banafa was not offered a position.   The interview guide filled out by the Abercrombie manager is annotated with the words, "not abercrombie look."  Declaration of Marcia Mitchell in Support of Motion for Administrative Relief ("Mitchell Decl."), ¶7, Ex. 4.  The EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to accommodate Ms. Banafa's religious need to wear a hijab and by refusing to hire her because of her religion, Islam.

The EEOC filed the *Hollister* action on behalf of Umme-Hani Khan.  Ms. Khan is Muslim and wears a hijab in accordance with her Islamic beliefs.  The *Hollister* Defendants[1] hired Ms. Khan to work as an Impact Associate for a Hollister store in San Mateo, CA in October 2009.  Ms. Khan worked for Hollister wearing her hijab until February 2009 when Defendants' District Manager, in concert with Defendants' corporate Human Resources Department, determined that Ms. Khan could not continue working while wearing a hijab because to do so violated the "Look Policy."  Defendants fired Ms. Khan effective February 23, 2010.  The EEOC alleges that the *Hollister* Defendants fired Ms. Khan because of her religion, Islam, in violation of Title VII.

---

[1] The *Hollister* action names both the parent corporation, Abercrombie & Fitch, Inc. and its subsidiary, Hollister Co. California LLC, as Defendants.

Motion For Administrative Relief
Civ. No. 5:10-cv-03911 EJD                                       - 2

Ms. Khan filed a Motion to Intervene in the *Hollister* lawsuit as a matter statutory right pursuant to Federal Rule of Civil Procedure 24(a) and 42 U.S.C. §2000e-5(f). [4:11-cv-03162-PJH, Docket Nos. 4-7, 19]. The motion will be heard on September 14, 2011. The EEOC has consulted with Ms. Khan's private attorneys and they support this motion. Mitchell Decl., ¶3.

On August 15, 2011, the EEOC called Defendant's attorney, Mark Kneuve, to obtain a stipulation to relate the cases. By e-mail dated August 17, 2011, Mr. Knueve informed the EEOC that Defendant will not enter a stipulation. Mitchell Decl., ¶9.

**The Related Parties**

Plaintiff EEOC and Defendant Abercrombie & Fitch, Inc. are parties to both lawsuits.

**The Related Factual Allegations**

Abercrombie & Fitch ("Abercrombie") operates retail stores across the country under the brand names Abercrombie & Fitch, Hollister and abercrombie kids. Abercrombie's corporate headquarters are in New Albany, Ohio; its corporate Human Resources Department operates out of the corporate headquarters. Abercrombie requires all employees in its Abercrombie & Fitch, Hollister and abercrombie kids stores to comply with its "Look Policy." Deposition of V.P. of Human Resources and 30(b)(6) designee, Deon Riley[2] ("Riley Depo"), attached to Mitchell Decl., ¶5, Ex. 1 [4:9-15, 6:3-6;30:10-12]. The Look Policy mandates that Abercrombie employees dress in clothing and merchandise consistent with the items sold in the store. At the relevant time, the policy expressly prohibited employees from wearing "caps". The policy has applied to all store employees since at least 1997. Deposition of Chad Moorfield, Director of Stores, attached to Mitchell Decl., ¶6, Ex. 2[12:15-16, 13:2-4, 28:17-29:2, 37:14-18, 155:2-156:24, depo ex. 7]; ¶3, Ex.1[Riley Depo, 18:5-17]. Abercrombie's corporate Human Resources

---

[2] The deposition testimony cited in this motion was taken in *EEOC v. Abercrombie & Fitch Stores, Inc.,* Northern District of Oklahoma, case number 4:09-cv-00602-GKF-FHM, a case alleging religious discrimination in violation of Title VII. By order dated July 13, 2011, the court granted the EEOC partial summary judgment as to liability and held that Abercrombie violated Title VII because it failed to prove that granting an exception to its Look Policy to allow complainant, Samantha Elauf, to wear a hijab while working as a Model (sales person) would have caused undue hardship [Docket No. 152-2].

Motion For Administrative Relief
Civ. No. 5:10-cv-03911 EJD                - 3

Department is responsible for handling requests for exceptions to the Look Policy, including requests for religious accommodation, for all of its stores and employees. Mitchell Decl. ¶5, Ex. 1[Riley Depo, 32:5-21, 55:7-56:3.] Abercrombie had approximately 1,100 stores and 200,000 to 250,000 employees in 2008. Mitchell Decl.¶5, Ex.1[Riley Depo, 17:2-6, 56:9-12, 113:2-114:7]. The Look Policy and Defendants' administration of the Look Policy is central to both lawsuits.

The factual allegations raised in both cases are substantially similar.  Both cases involve Abercrombie's refusal to employ Muslim women who wore hijabs in an Impact Associate (stockroom) position.  Both lawsuits implicate Abercrombie's Look Policy.  Both lawsuits allege that Abercrombie refused to accommodate sincerely held religious beliefs and both will require Abercrombie to offer proof that allowing Halla Banafa and Umme-Hani Khan to deviate from its Look Policy would create an undue hardship on its business operations.

Abercrombie has been sued before for failing to provide religious exemptions to its Look Policy.  In its defense, Abercrombie emphasized that consistency and uniformity throughout its stores is central to its business model, i.e., any deviations from the Look Policy would cause an undue hardship to its business operations. "Defendant's business strategy is to create a unique and compelling in store experience centered around a consistent brand image. Allowing any Model to wear clothing in a manner that was inconsistent with Defendant's style would be damaging to Defendant's brand, would hamper Defendant's efforts to create a consistent and unique in-store experience, and thus would have created an undue burden on the conduct of Defendant's business. . . Defendant's ability to uniformly enforce the Look Policy would have been negatively affected by non-compliance. This would have created an undue burden on the conduct of Defendant's business." Defendant Abercrombie & Fitch Stores, Inc.'s verified Amended Response to Plaintiff's Interrogatory No. 8, *EEOC v. Abercrombie & Fitch*, N.D. Ok, 4:09-cv-00602-GKF-FHM, Mitchell Decl. ¶7, Ex.3.  More specifically, Abercrombie believes that allowing a hijab in one Abercrombie store and not allowing it in another would negatively impact its operations.  Deposition of Director of Stores, Amy Yoakum, attached to Mitchell Decl., ¶8, Ex. 5 [Yoakum Depo., 4:11-21, 69:8-22].

**Duplication of Expenses and Discovery and Possibility of Contradictory Decisions**

Many of the same individuals will serve as key witnesses in both cases and the substance of their deposition testimony will be substantially the same for both cases. For example, corporate witnesses responsible for administering and interpreting Abercrombie's Look Policy will be the same in each case. In addition, Abercrombie has consistently retained the same two expert witnesses in other lawsuits involving its Look Policy and the EEOC anticipates that Abercrombie will rely on them again in its defense of these cases. Both charge significant fees: Erich Joachimsthaler, Ph.D, retained as a marketing and brand expert, charges $700 an hour plus additional fees for his staff members; Kathleen Lundquist, Ph.D., retained as an Industrial Pyschologist, charges $550 per hour plus additional fees for her staff members. To the extent that the EEOC retains expert witnesses, it will likely use the same witnesses in both cases. Written discovery regarding Abercrombie's Look Policy and its undue hardship defense will also be required by both cases. Since Ms. Khan is not a party to the instant litigation, she cannot be required to rely on discovery conducted herein if the cases are not related. Inevitably, separate litigation of these cases will result in an unnecessary duplication of discovery and expenses.

Lastly, there is a distinct possibility that two judges and/or juries in the Northern District of California could reach contradictory decisions about Abercrombie's Look Policy and whether the religious accommodation of a hijab would cause an undue hardship.

For the foregoing reasons, the EEOC requests the court to relate the two religious accommodation cases currently pending against Abercrombie by reassigning the *Hollister* case to this court.

Respectfully submitted,

Dated: August 18, 2011  _____//s//Marcia L. Mitchell_____
MARCIA L. MITCHELL
Attorney for Plaintiff EEOC

Motion For Administrative Relief
Civ. No. 5:10-cv-03911 EJD - 5