<div style="writing-mode: vertical-rl">United States District Court
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br>v.<br><br>ABERCROMBIE & FITCH STORES, INC. dba ABERCROMBIE KIDS,.<br><br>        Defendant.<br>_____/ | NO. CV 10-03911 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[RE: Docket Item No. 36] |

Presently before the Court is Plaintiff's Motion to Consider Whether Cases Should be Related.[1] Plaintiff seeks the Court's determination as to whether *U.S. Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc. dba Hollister et al.,* Case No. 4:11-CV-03162-PJH ("Second Action"), should be related to *U.S. Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc. dba Abercrombie Kids*, Case No. 5:10-CV-03911-EJD ("First Action"). Plaintiff contends that both cases concern substantially the same parties, transaction, and events. (Motion at 2-3.) Defendant opposes the Motion on the grounds that the two actions do not involve the same parties, property, transaction or event, and no unduly

///

---

[1] (See Motion for Administrative Relief to Consider Whether Cases Should be Related, hereafter, "Motion," CV 10-03911-EJD Docket Item No. 36.)

1
NO. CV 10-03911 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED (EJDLC4)

1  burdensome duplication of labor and expense would result if the cases proceed separately.[2]

2  (Opposition at 2-3.)

3  Civil Local Rule 3-12(a) provides:

4  An action is related to another action when:

5  (1) The actions concern substantially the same parties, property, transaction or event; and

6  

7  (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

8  

9  Here, the Court finds that although the EEOC is a party to both cases, it brings both cases on

10  behalf of two different, unrelated individuals with two different alleged factual circumstances. The

11  First Action was filed by the EEOC on behalf of Halla Banafa, an Abercrombie Kids applicant,

12  while the Second Action was filed by the EEOC on behalf of Umme Hani Kahn, a former Hollister

13  employee now seeking to intervene in the case. Defendant points out that although Abercrombie is

14  the parent company of Hollister and Abercrombie Kids, the cases here are brought against two

15  separate and distinct Abercrombie brands. The stores at issue have different management,

16  supervisors, and potentially different human resources representatives.

17  Further, the cases do not involve the same property, transaction or event. Ms. Banafa applied

18  for a position at the Milpitas Great Mall Abercrombie Kids store in March 2008. In contrast, Ms.

19  Kahn was an employee of the Hillsdale Mall Hollister store in San Mateo, California from October

20  2009 through February 2010. Ms. Kahn filed her case in June 2011, whereas Ms. Banafa's case has

21  been pending since September 2010. According to the complaints filed by the EEOC in both cases,

22  Ms. Kahn and Ms. Banafa allege different experiences and interactions at the Abercrombie stores at

23  issue.[3]

24  Finally, religious accommodation cases are fact-intensive and decided on a case by case

25  

26  [2] (See Opposition to Motion for Administrative Relief to Consider Whether Cases Should be Related, hereafter, "Opposition," CV 10-03911-EJD Docket Item No. 37.)

27  [3] (Compare Complaint, Docket Item No. 1 in Case No. 5:10-CV-03911-EJD with Complaint, Docket Item No. 1 in Case No. 4:11-CV-03162-PJH.)

28  

2
NO. CV 10-03911 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED (EJDLC4)

basis. See Berry v. Dep't of Soc. Servs., 447 F.3d 642, 655 (9th Cir. 2006). In light of the different brands, time frames, decision makers, witnesses, and defenses, the Court finds that there is no risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Thus, the Court finds that the cases are not related within the meaning of Rule 3-12(a).

Accordingly, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: August 23, 2011

EDWARD J. DAVILA
United States District Judge

3
NO. CV 10-03911 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED (EJDLC4)