**\*\* E-filed February 14, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>  v.<br><br>ABERCROMBIE & FITCH STORES dba ABERCROMBIE KIDS,<br><br>    Defendants.<br>_____/ | No. C10-03911 EJD (HRL)<br><br>**ORDER (1) RE DISCOVERY DISPUTE JOINT REPORTS 1-2; (2) GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME; AND (3) DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**[Re: Docket No. 53, 55, 56, 58, 59]** |

  Plaintiff Equal Employment Opportunity Commission ("EEOC") has brought suit against Abercrombie & Fitch Stores, dba Abercrombie kids ("Abercrombie"), alleging that Abercrombie discriminated against a job applicant, Halla Banafa, because she is allegedly a Muslim woman who wore a hijab in public at all times. Now, two discovery disputes have arisen.

**DISCOVERY DISPUTE JOINT REPORT #1**

  On January 30, 2012, the parties filed their Discovery Dispute Joint Report #1 ("DDJR #1"). Dkt. No. 53. Through a set of requests for production ("RFPs"), Abercrombie requested "all photographs of Halla Banafa" taken from January 1, 2007 through the present. Dkt. No. 53, p. 2. EEOC made boilerplate objections on the grounds that the request was overbroad, unduly burdensome, cumulative, and irrelevant. Id. at 3. However, the parties then conferred and agreed that plaintiff would produce all photographs from six months before the job interview to six months after the interview ("the one-year period"). Id. EEOC did produce some 28 photos from this period,

but the defendant now argues that EEOC's production is incomplete. The EEOC alleges that it has provided all of the photographs in Banafa's possession that were taken during the one year period agreed to by the parties, but acknowledges that other photographs exist outside of Banafa's possession.[1] Abercrombie has apparently renewed its efforts to obtain all photos taken after January 1, 2007 by requesting the photos from Banafa's father and husband via subpoenas *duces tecum*. Id.

Abercrombie seeks an order compelling the EEOC to produce all responsive photographs from the one year period, while EEOC seeks a protective order preventing Abercrombie from seeking responsive photographs from deponents that were taken outside the one-year period. In essence, there are two points at issue in this DDJR: 1) whether EEOC should produce photographs solely from the one year period surrounding Banafa's interview with Abercrombie, or from the entire period from January 1, 2007 to the present; and 2) if EEOC need only produce photographs taken during the one-year period, whether it has satisfied its burden of production.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). An action for failure to accommodate under Title VII of the Civil Rights Act requires the plaintiff to show, among other things, that she has a bona fide religious belief. Berry v. Dep't of Soc. Servs., 447 F.3d 642, 655 (9th Cir. 2006). Abercrombie argues that the photographs sought are relevant for challenging Banafa's allegation that she had sincerely held religious beliefs. DDJR #1, p. 6-7 (citing Berry, 447 F.3d at 655. EEOC contends that the photographs could only be relevant to show that Banafa stopped wearing her hijab some months following the job interview, which Banafa has already admitted and therefore is not in dispute. Id. at 8.

As the parties already conferred and agreed that it would be satisfactory to produce only those photographs taken during the one year period, the court concludes that this period of time reasonably addresses the concerns of both parties. Therefore, the court will not order the EEOC to

---

[1] The EEOC admits that additional photos of Banafa taken during the one-year period exist, but argue that it cannot produce them because it has no access to them. See generally Dkt. No. 53. Some photos, it contends, are now in the possession of Banafa's parents, from whom Banafa has become estranged, Id. at 11. It argues that certain other photographs that Abercrombie believes should be produced were a) not taken by Banafa, and thus not within her possession, and b) may have been taken outside the one-year period. Id. at 10, n.4. But, Abercrombie alleges that Banafa maintained a public Facebook page that contained additional pictures, which Banafa deactivated after this action was filed. Id. at 10.

1  produce over five years of photographs (from Januay 1, 2007 through the present) when the parties
2  have already agreed that one year of photographs would be sufficient. Instead, the EEOC is ordered
3  to produce any and all additional photographs of Banafa during the one year period identified by the
4  parties, including any responsive photographs that she uploaded to her Facebook page before
5  deactivating it. However, the EEOC need not produce photographs outside its or Banafa's custody
6  and control. Finally, the court does not find that there is good cause to issue a protective order
7  preventing Abercrombie from seeking photographs taken during the one year period that are in the
8  possession of non-party witnesses. Abercrombie may seek photographs taken during the one year
9  from non-party witnesses through appropriate discovery devices.

### DISCOVERY DISPUTE JOINT REPORT #2

On February 9 and 10, 2012, the parties filed what purports to be a second Discovery Dispute Joint Report, though the filings do not comply with the undersigned's Standing Order re Civil Discovery Disputes. Plaintiff filed a document titled "Discovery Dispute Joint Report #2" on February 9, which acknowledged that plaintiff had not incorporated the defendant's input due to "exigent circumstances," namely, that defendant did not provide that input in the single day that plaintiff gave it to respond. Dkt. No. 55. In addition, plaintiffs filed an exhibit to the DDJR provisionally under seal, along with an administrative motion to file under seal (Dkt. No. 56), and a motion to shorten time, requesting that this court rule on the report before a deposition of Banafa's father, scheduled for February 14. Dkt. No. 58. The next day, defendants filed a document also entitled Discovery Dispute Joint Report #2, which states its position and argues that the plaintiffs filed the DDJR #2 without defendant's input despite having knowledge that defendant was drafting its position. Dkt. No. 59, p. 1.

A.  <u>Plaintiff's Motion to Shorten Time</u>

Plaintiff filed a motion for an order shortening time on its DDJR #2, and in the alternative, requested that this court stay the deposition scheduled for February 14 pending its ruling on the DDJR #2. Dkt. No. 58. While a motion to shorten time is typically used to request that a court hold a hearing or other proceeding on an expedited basis, in this case, there is no hearing or proceeding to expedite. Instead, plaintiff wishes its DDJR to be ruled upon before the February 14 deposition of

1  Banafa's father, as it fears the document that is the subject of DDJR #2 will be presented at the
2  deposition and will cause irreparable harm. Dkt. No. 58, p. 3. Good cause appearing for this court to
3  rule on the DDJR in an expedited fashion, the motion to shorten time is GRANTED and the court
4  rules as follows.

5       B.  <u>Plaintiff's Administrative Motion to Seal Exhibit A</u>

6       Pursuant to Civil Local Rule 79-5, a document may only be filed under seal "upon a request
7  that establishes that the document . . . is privileged or protectable as a trade secret or otherwise
8  entitled to protection under the law." A party seeking to file under seal must lodge with the Clerk
9  two copies of the entire document, properly marked, so that one copy can be held by the Clerk, and
10 the other can be reviewed by the judge. Civil L. R. 79-5(b). It appears that EEOC has not complied
11 with this district's local rules, as it has not provided the court with any copy of the material sought
12 to be sealed. Instead, the undersigned has received only a redacted copy of the DDJR #2. Therefore,
13 the court is unable to evaluate the document plaintiff wishes to seal to determine whether it is
14 "sealable" as defined by Civil L. R. 79-5. In addition, plaintiff has failed to comply with the
15 undersigned's Standing Order re Civil Discovery Disputes, which permits only one exhibit to be
16 attached to a DDJR, "an exact copy of the discovery request(s) in issue and the response (if any) to
17 it." The exhibit is improper in light of the undersigned's Standing Order, and fails to comply with
18 the applicable local rule.

19      Accordingly, the Plaintiff's motion is DENIED. Within four days from the date of this order,
20 Plaintiff shall file unredacted versions of the subject documents in the public record. See Civ. L.R.
21 79-5(e).

22      C.  <u>Discovery Dispute Joint Report #2</u>

23      The court will consider Docket Nos. 55 and 59 to constitute the parties' Discovery Dispute
24 Joint Report #2 ("DDJR #2") despite the procedural flaws in its filing. However, the parties are
25 advised that future discovery disputes, should they arise, must comply with the undersigned's
26 Standing Order re Civil Discovery Disputes.

27      Plaintiff EEOC seeks a protective order to prevent the defendant from using posts published
28 on MySpace by Banafa's husband before the two were married and before the job interview at issue

4

in this case. Dkt. No. 55. EEOC contends that these posts are irrelevant to the case, and that their profane nature will deepen the rift between Banafa and her father. Id. Abercrombie argues that because the posts are publicly available online and are not the product of a discovery request at all, a DDJR is an improper means of settling this dispute, and moreover, a protective order is not warranted. Dkt. No. 59.

Although the court has not had an opportunity to evaluate the document in question, it concludes that a protective order is not warranted in this case. The Federal Rules of Civil Procedure permit a court to issue a protective order "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A protective order may be issued where "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (internal citations omitted).

Here, the document at issue is already in the public record and can be located by anyone who wishes to Google it. Therefore, a protective order cannot possibly protect it from "being disclosed to the public." Accordingly, the court declines to issue a protective order sealing the document.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. EEOC shall produce any additional photographs in its or Banafa's possession that were taken during the one year period.
2. Abercrombie may seek additional photographs taken during the one year period from non-party witnesses through appropriate discovery devices.
3. EEOC's motion to shorten time is GRANTED.
4. EEOC's administrative motion to file under seal is DENIED. EEOC shall file an unredacted copy of the exhibit to DDJR #2 within four days of the date of this order.

Dated: February 14, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C10-cv-03911 Notice will be electronically mailed to:**

| | |
|---|---|
| Jonathan Peck | Jonathan.Peck@eeoc.gov |
| Marcia Mitchell | marcia.mitchell@eeoc.gov |
| Sirithon Thanasombat | sirithon.thanasombat@eeoc.gov |
| William Tamayo | william.tamayo@eeoc.gov |
| Samantha Stilp | sastilp@vorys.com |
| Amarra Le | |
| Douglas Dexter | ddexter@fbm.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California