1  (Counsel Listed on Next Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: CV 11-3162 YGR<br>Case No.: CV 10-03911- EJD |
| Plaintiff,<br>and | |
| UMME-HANI KHAN, | **[PROPOSED] STIPULATED JUDGMENT AND DECREE** |
| Plaintiff-Intervenor, | |
| vs. | |
| ABERCROMBIE & FITCH STORES, INC. d/b/a HOLLISTER CO., HOLLISTER CO. CALIFORNIA, LLC, | [Hon. Edward J. Davila] |
| Defendants. | |
| _____ | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| vs. | |
| ABERCROMBIE & FITCH STORES, INC. d/b/a ABERCROMBIE KIDS, | |
| Defendant. | |

1  William R. Tamayo, SBN 084965 (CA)
   Jonathan T. Peck, SBN 12303 (VA)
2  Marcia L. Mitchell, SBN 18122 (WA)
   Sirithon Thanasombat, SBN 270201 (CA)
3  U.S. EEOC, San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA  94105
   Telephone No. (415) 625-5651
5  Fax No. (415) 625-5657
   Marcia.Mitchell@eeoc.gov; Sirithon.Thanansombat@eeoc.gov
6
   *Attorneys for Plaintiff EEOC*
7
   Zahra Billoo, State Bar No. 267634
8  Rachel Roberts, State Bar No. 282864
   COUNCIL ON AMERICAN-ISLAMIC
9  RELATIONS, CALIFORNIA (CAIR-CA)
   3000 Scott Blvd., Suite 101
10 Santa Clara, CA 95054
   Telephone: (408) 986-9874
11 Facsimile: (408) 986-9875
   Email: zbilloo@cair.com
12
   Christopher Ho, State Bar No. 129845
13 Marsha J. Chien, State Bar No. 275238
   The LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
14 180 Montgomery Street, Suite 600
   San Francisco, CA 94104
15 Telephone: (415) 864-8848
   Facsimile: (415) 593-0096
16 Email: cho@las-elc.org; mchien@las-elc.org

17 *Attorneys for Plaintiff-Intervenor UMME-HANI KHAN*

18 Douglas E. Dexter, SBN 115868
   Diego F. Acevedo, SBN 244693
19 FARELLA BRAUN + MARTEL LLP
   235 Montgomery Street, 17th Floor
20 San Francisco, CA 94104
   Telephone: (415) 954-4400
21 Facsimile: (415) 954-4480
   E-mail: ddexter@fbm.com
22
   Mark A. Knueve (Ohio Bar No. 0067074) Admitted Pro Hac Vice
23 Daniel J. Clark (Ohio Bar No. 0075125) Admitted Pro Hac Vice
   VORYS, SATER, SEYMOUR AND PEASE LLP
24 52 East Gay Street, P.O. Box 1008
   Columbus, Ohio 43216-1008
25 Telephone: (614) 464-6387
   Facsimile: (614) 719-4808
26 E-mail: maknueve@vorys.com , djclark@vorys.com

27 *Attorneys for Defendants ABERCROMBIE & FITCH STORES, INC.,
   dba HOLLISTER CO., HOLLISTER CO. CALIFORNIA, LLC*

28

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor Umme-Hani Khan (collectively, Plaintiffs) filed these actions under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act ("FEHA"), alleging that Defendants Abercrombie & Fitch Stores, Inc. d/b/a Hollister Co., and Hollister Co. California, LLC ("Defendants") violated Title VII and FEHA by failing to reasonably accommodate the religious beliefs of Halla Banafa and Umme Hani Khan.

On September 3, 2013, in EEOC v. Abercrombie (CV 11-3162) the court granted plaintiff's motion for partial summary judgment as to liability on their claims that Abercrombie failed to accommodate Khan's religious beliefs under Title VII and FEHA.

For purposes of settlement and compromise only, Plaintiffs and Defendants (the "Parties") have advised the Court that they wish to resolve the instant controversies without the expense, delay, and burden of further litigation.

The parties acknowledge that the settlement of these lawsuits and entry of this agreement, with Defendants' consent, is not and shall not be construed as an admission that Defendants have violated the law. This agreement shall not be used as evidence of liability or non-liability for unlawful discrimination, or for any other purpose, in any proceeding other than one relating to the enforcement of the agreement.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of these actions; (ii) the purposes of Title VII will be furthered by the implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in these lawsuits between the Parties; and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in these lawsuits.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

**I.    General Provisions**

1.    Defendants shall not discriminate against any applicant or employee who makes Defendants aware of a need for religious accommodation by failing to reasonably accommodate such applicant or employee's request for religious accommodation. Defendants shall grant requests

for religious accommodation unless Defendants are unable to reasonably accommodate the need or request for religious observation or practice without undue hardship on the operation of its business.

2. Defendants shall not discriminate against any employee or applicant because such employee or applicant has opposed any practices alleged in these lawsuits to be unlawful under Title VII or FEHA, has participated in an investigation related to these lawsuits, has participated in these lawsuits, and/or has benefited in any way as a result of this Stipulated Judgment and Decree.

**II.     Relief Specific to Umme-Hani Khan**

3. Defendants agree to pay in settlement of all claims alleged against it by the Plaintiffs on behalf of Umme-Hani Khan a total of $48,000 (forty-eight thousand dollars and no cents), such sum representing backpay and compensatory damages.  One check, representing backpay, shall be made payable to Ms. Khan in the amount of $120, less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.  A separate check, representing compensatory damages, shall be made payable to Ms. Khan in the amount of $47,880 and shall be designated as "other income" on IRS Form 1099.  The checks shall be made payable to Umme-Hani Khan and shall be delivered to her by means of certified mail, return receipt requested within fifteen (15) days of the entry of this Decree.  Defendants shall provide counsel for Plaintiffs with copies of the checks within fifteen (15) days of mailing.

4. Defendants shall provide Umme-Hani Khan with a statement of regret for her personal use only for the actions of its personnel that led to her filing her EEOC charge of discrimination in this matter.

5. Defendants shall provide Umme-Hani Khan with a letter of reference within fifteen (15) days of entry of this Decree.

6. Defendants certify that Umme-Hani Khan's personnel file does not contain any references to her request for religious accommodation, EEOC charge, or the instant litigation.

7. Defendants shall change Ms. Khan's official reason for termination, as reflected in her personnel file, to "quit."

8. The Parties agree that attorneys' fees and costs for Umme-Hani Khan will be governed by a separate, confidential agreement entered into as a condition of this settlement.

### III. Relief Specific to Halla Banafa

9. Defendants agree to pay in settlement of all claims alleged against it by the EEOC on behalf of Halla Banafa a total of $23,000 (twenty-three thousand dollars and no cents), such sum representing backpay and compensatory damages. One check, representing backpay, shall be made payable to Ms. Banafa in the amount of $2,500 (two thousand five hundred dollars and no cents), less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings. A separate check, representing compensatory damages, shall be made payable to Ms. Banafa in the amount of $20,500 (twenty thousand five hundred dollars and no cents) and shall be designated as "other income" on IRS Form 1099. The checks shall be made payable to Halla Banafa and shall be delivered to her by means of certified mail, return receipt requested within fifteen (15) days of the entry of this Decree. Defendants shall provide counsel for EEOC with copies of the checks within fifteen (15) days of mailing.

### IV. Injunctive Relief

10. The parties acknowledge that the Defendants have adopted certain religious discrimination policies and procedures, and agree to maintain those policies during the term of this agreement. Defendants further agree to revise and supplement existing policies as follows:

11. Defendants shall adhere to, throughout the duration of the Decree, the revised Accommodation Policy ("Policy") attached hereto as Exhibit A. The revised policy includes creation of a process through which an applicant or employee may appeal the denial of a request for religious accommodation to the Look Policy to Defendants' Director of Human Resources U.S., or other individual of equivalent rank and function, for further review and determination of whether all feasible options for accommodation have been explored. The applicant or employee shall receive notice of the appeal process at the time the requested accommodation is denied, and the Director shall review and decide the appeal within 14 business days of its receipt. Current employees will be permitted to continue to work with the requested accommodation during the appeals process.

12. The Policy shall be contained in the Store Associate Handbook in whatever forms it is made available to Defendants' employees, and a reference to the Policy shall appear in the table of contents within sixty (60) days of the entry of this Stipulated Judgment and Decree. The Handbook's

discussion of the Look Policy shall include a reference to the Accommodation Policy, specifically "for associates who may need accommodations from the Look Policy for religious or medical reasons, please consult the Accommodation Policy in this handbook."

13. Upon receiving a request for an accommodation of a sincerely-held religious belief under the Policy, Defendants shall continue to consider the request, engage in an interactive process, and offer a reasonable accommodation unless doing so would cause an undue hardship on the operation of its business.

14. Defendants' Specialty Group Interview Guide shall be revised to read as follows: "If you have any questions or concerns about the Look Policy, or believe that you may require an exception to Look Policy, please see me after this interview." Within sixty (60) days of entry of this Stipulated Judgment and Decree, Defendants will also revise the Kiosk and On-line application process to inform applicants about Defendants' Accommodation Policy.

15. Within sixty (60) days of the entry of this Stipulated Judgment and Decree, Defendants shall: (1) require all current District Managers, Store Managers, and Assistant Store Managers and Managers in Training to review the Policy; (2) inform them that employees may be permitted to wear headscarves as set forth in the Policy; and (3) inform them that any request to be allowed to wear a headscarf as a religious accommodation must be forwarded to the Human Resources Department for consideration. In addition, Defendants shall include in all yearly training sweeps conducted during the duration of the decree scenarios related to accommodations for religious head coverings.

   a. Within sixty (60) days of the entry of this Decree, Defendants shall adopt systems to ensure uniform application of the Look Policy, including the institution of regular, but no less than quarterly reviews, by the Director of Human Resources for Stores, U.S. or other individual of equivalent rank and function, of all Look Policy religious accommodation decisions made in each period to ensure that they are being handled consistently.

**V.    Posting of Required Notices**

16. Within sixty (60) days of the Court's entry of the Stipulated Judgment and Decree, Defendants shall post at all stores owned by Defendants in the Hillsdale Shopping Center and

Milpitas Great Mall the notice attached hereto as Exhibit B.  Such notice shall be posted on the employee bulletin board or other similar conspicuous location throughout the duration of the decree.

**VI.     Reporting and Monitoring**

17.     Within ninety (90) days of the entry of the Stipulated Judgment and Decree, Defendants shall provide Plaintiffs' counsel with written notice of their compliance with the requirements set forth in Sections II through V.

18.     During the term of the Stipulated Judgment and Decree, Defendants shall submit a report every six (6) months to Plaintiffs' counsel.  Such reports shall include:

    a.     a description of any employee or applicant request to be allowed to wear a headscarf as a religious accommodation during the foregoing six (6) months;

    b.     the job held by or applied for by the requestor;

    c.     the name and address of the store where the request was made;

    d.     a confirmation that the request was granted; or, if the request was denied, the reason for the denial;

    e.     if the request was denied, Defendants will provide the reason for the denial to counsel for the EEOC.  If the EEOC needs additional information regarding the denial, counsel for the EEOC will contact Defendants' counsel within thirty (30) days to discuss the denial.  The EEOC shall be entitled to request and receive contact information for the applicant or associate whose accommodation request was denied if, after the meeting between counsel, the EEOC believes it needs to communicate directly with the applicant or associate;  and

    f.     the report shall also include a description of any changes in Defendants' policies or practices related to religious accommodation governed by this Decree.

**VII.    Term and Effect of Decree**

19.     By entering into this Stipulated Judgment and Decree, the Parties do not intend to resolve any charges of discrimination other than the charges filed by Umme-Hani Khan or Halla Banafa that created the jurisdictional foundation for the Complaints filed in those cases.

20.     This Decree shall be binding upon the Parties, their successors and assigns.

[PROPOSED] STIPULATED JUDGMENT AND DECREE            5

21. This Decree shall be in force for a period of three (3) years. During that period of time, the Court shall retain jurisdiction of this case for purposes of enforcement of the Stipulated Judgment and Decree and the separate, confidential agreement described in paragraph 8 herein. The term of the Stipulated Judgment and Decree can be extended only upon a showing that Defendants have substantially failed to comply with a material term thereof after having been given notice of any such failure to comply, and a reasonable opportunity to correct any such non-compliance.

Dated: September 18, 2013        //s//  *Marcia L. Mitchell*
                                              Marcia Mitchell
                                              Sirithon Thanasombat
                                              Attorneys for Plaintiff EEOC

Dated: September 18, 2013        //s//  *Christopher Ho*
                                              Christopher Ho
                                              Marsha Chien

                                              //s//  *Zahra Billoo*
                                              Zahra Billoo
                                              Rachel Roberts
                                              AttorneyS for Plaintiff-Intervenor KHAN

Dated: September 18, 2013        //s//  *Mark A. Knueve*
                                              Mark A. Knueve
                                              Attorney for Defendants

IT IS SO ORDERED:

                                              HON. EDWARD J. DAVILA
                                              U.S. District Court Judge